UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| TYRONE PRICE,<br><br>    Petitioner,<br><br>v.<br><br>G. SWANEY, Warden,<br><br>    Respondent. | Civil Action No. 6: 23-CV-078-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Tyrone Price is an inmate who was recently confined at the Federal Correctional Institution ("FCI") in Manchester, Kentucky, and is now incarcerated at the FCI in Cumberland, Maryland. Proceeding without a lawyer, Price filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he takes exception to the Federal Bureau of Prisons' ("BOP's") voluntary Inmate Financial Responsibility Program ("IFRP"). *See* [R. 1]. The Respondent filed a response in opposition to Price's petition, *see* [R. 8], and Price filed a reply brief, *see* [R. 10]. Thus, this matter is ripe for a decision. For the reasons set forth below, the Court will deny Price's petition.

In 2016, Price pled guilty to multiple federal crimes, including assault with a dangerous weapon in aid of racketeering and using a firearm during/in relation to a crime of violence. *See United States v. Tyrone Price*, No. 15-cr-20472-3, at Rs. 311, 319 (E.D. Mich. 2016). The trial court sentenced Price to 140 months in prison and ordered him to pay a $300.00 assessment and $3,550.00 in restitution, though it did not impose a specific schedule of payments. *See id.* at R. 319. According to evidence submitted by the Respondent, Price has been in and out of the IFRP,

periodically making $25.00 and $50.00 payments toward the satisfaction of his financial obligations. *See* [R. 8-1, pp. 3–6].

That said, Price has now filed a § 2241 petition with this Court, *see* [R. 1], along with a supporting memorandum, *see* [R. 1-2], in which he takes exception to the IFRP. Price's arguments, however, are difficult to follow, and, while the Court has reviewed his submissions, he has not demonstrated in any clear way that he is entitled to habeas relief.

As the Respondent points out, the IFRP is designed to encourage inmates to meet their financial obligations, such as restitution payments. *See Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2021). The IFRP is also voluntary, meaning that Price may choose to participate or not participate in the program. *See Holladay v. Streeval*, No. 19-5097, 2019 U.S. App. LEXIS 20566, at *3 (6th Cir. July 10, 2019). Federal circuit courts have consistently "upheld the IFRP generally and against constitutional due process challenges," and the United States Court of Appeals for the Sixth Circuit "has implicitly endorsed the program." *Weinberger*, 268 F.3d at 360 (citations omitted).

Still, Price puts forth various claims related to the IFRP. *See* [R. 1; R. 1-2]. His arguments, however, are inconsistent or otherwise unavailing. For example, Price first suggests in his petition that the trial court set a "payment schedule" regarding his restitution, and the BOP improperly "modified" that schedule "without court approval." [R. 1, p. 5]. However, the trial court's Judgment shows that it did *not* establish a schedule of payments, *see Price*, No. 15-cr-20472-3, at R. 319, and Price later concedes this fact in his reply brief, *see* [R. 10, p. 2]. Price next claims that "the IFRP violate[s] the Equal Protection Clause," [R. 1-2, p. 2], but, as the Respondent points out, federal courts have repeatedly rejected this argument. *See, e.g., Driggers v. Cruz*, 740 F.3d 333, 337-38 (5th Cir. 2014) (citing numerous cases).

2

Price then focuses on the trial court directly, arguing, among other things, that it "impermissibly delegated authority to the BOP to set his restitution repayment schedule," in violation of the Mandatory Victims Restitution Act and other law. [R. 1-2, p. 2]. Price also repeatedly suggests in his reply brief that the trial court abused its discretion or otherwise erred by ordering him to pay restitution since he "did not cause" the harm suffered by the victims in his case. *See* [R. 10, pp. 2–5]. Price, however, cites no legal authority suggesting that these claims are even cognizable in a § 2241 petition, let alone have merit. If anything, it appears that Price is trying to collaterally attack the validity of his underlying sentence, at least as it relates to restitution, and such claims are not cognizable via § 2241. *See Jones v. Hendrix*, No. 21-857, 2023 WL 4110233, at *6 (U.S. June 22, 2023). And to the extent that Price puts forth other arguments in support of his petition, he has not established in any clear way that he is entitled to habeas relief.

Accordingly, it is **ORDERED** as follows:

1. Price's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 9th day of August, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY